BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**JENNIFER J. MARTIN, OSB #842851**
jennifer.martin@usdoj.gov
**JOHN C. BRASSELL, WASB #51639**
john.brassell@usdoj.gov
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-CR-00369-SI |
| v. | **GOVERNMENT'S MOTIONS IN LIMINE** |
| **JOHN M. WASSON,** | *Trial: November 5, 2018* |
| **Defendant.** | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Jennifer J. Martin and John C. Brassell, Assistant United States Attorneys for the District of Oregon, respectfully submits the following motions in limine for the Court's consideration.

## MOTIONS IN LIMINE

**I.  Government's Motion in Limine to preclude defendant's reference to the General Mining Law of 1872 as a justification for his actions.**

Defendant should be precluded from arguing at trial that his actions were authorized under the General Mining Law of 1872 as a matter of law.

The General Mining Law of 1872 provides in relevant part:

> Except as otherwise provided, all valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase, by citizens of the United States and those who have declared their intention to become such, under regulations prescribed by law, and according to the local customs or rules of miners in the several mining districts, so far as the same are applicable and not inconsistent with the laws of the United States.

30 U.S.C. § 22 (2006).

The General Mining Law of 1872 provides that an individual who discovers mineral deposits on federal land "shall have 'exclusive right of possession and enjoyment of all the surface included within the lines'" of his claim. *United States v. Backlund*, 689 F.3d 986, 991 (9th Cir. 2012).

However, as the Ninth Circuit advised defendant Wasson in an unpublished opinion in *United States v. Wasson*, 627 Fed. Appx. 604 (9th Cir. 2015), the General Mining Law of 1872 does not provide a legal basis for his actions, as "other statutes—such as the Multiple Use Act of 1955—nonetheless limit a miner's activities." *Backlund*, 689 F.3d 986, 991.

> The Multiple Use Act of 1955, codifed at 30 U.S.C. § 612, provides in relevant part:
>
> (a) Prospecting, mining or processing operations
>
> Any mining claim hereafter located under the mining laws of the United States shall not be used, prior to issuance of patent therefor, for any purposes other than prospecting, mining or processing operations and uses reasonably incident thereto.
>
> (b) Reservations in the United States to use of the surface and surface resources
>
> Rights under any mining claim hereafter located under the mining laws of the United States shall be subject, prior to issuance of patent therefor, to the right of the United States to manage and dispose of the vegetative surface resources thereof and to manage other surface resources thereof (except

**Government's Motions in Limine**                                                                 **Page 2 of 6**

mineral deposits subject to location under the mining laws of the United States).

Citing *Backlund*, the Ninth Circuit advised defendant Wasson that the "use of an unpatented mining claim on public land is limited to activities that are reasonably incident to prospecting, mining and processing operations," and such uses are "subject to the right of the United States to manage surface resources." *United States v. Wasson,* 627 Fed. Appx. 604, 606

Accordingly, this Court should preclude defendant Wasson from referring to the General Mining Law of 1872 in this case.

## II. Government's Motion in Limine to preclude defendant from presenting evidence that defendant had a good faith belief that he was not subject to federal mining laws and regulations

Based on defendant's contentions in previous cases, the government anticipates that defendant will seek to argue that he is not subject to federal mining laws and regulations, apart from the General Mining Law of 1872. This argument is immaterial to any admissible defense.

A good faith belief that a law is unconstitutional is not a valid defense. *See, e.g., Cheek v. United States*, 498 U.S. 192, 204 (1991) ("[A] Defendants' views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper."); *United States v. Greatwood*, 187 F.3d 649, *2 n.4 (9th Cir. 1999)(unpublished) (noting with approval that "jury was instructed that a good faith disagreement with the law is not a defense" and that "[defendant] was not permitted to argue that his legal theories are correct."); *United States v. Atkinson*, 232 F.3d 897, *1 (9th Cir. 2000)(unpublished) (rejecting Defendants' argument that "his subjective good faith belief that federal laws are not constitutional as applied to a him, a state citizen, defeats the jury's finding of 'willfulness' ").

The Court should also preclude defendant from making this argument as an improper jury nullification argument.

"[C]ourts have the duty to forestall or prevent" nullification, because "it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence." *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005). See also *United States v. Kleinman,* 880 F.3d 1020 (9th Cir. 2017).

### III. Government's Motion in Limine to preclude reference to the two *Bivens* actions defendant filed against the United States Forest Service officers.

On July 16, 2013, defendant Wasson filed a civil complaint against the United States and USFS employees involved in the investigation of the criminal allegations, alleging that the criminal proceedings and the subsequent impoundment of his property violated his constitutional rights. This Court adopted the Findings and Recommendation of the United States Magistrate Judge to grant summary judgment in favor of the defendants. *Wasson v. United States et al,* 2015 WL 3936382 (D. Or 2015).

On July 10, 2015, defendant Wasson filed a civil complaint against the United States and USFS employees involved in the investigation of the 2014 criminal citations, alleging that the criminal proceedings violated his constitutional rights. The District Court adopted the Findings and Recommendation of the United States Magistrate Judge to grant summary judgment in favor of the defendants. *Wasson v. United States et al,* United States District Court Case No. 2:15-cv-01279-SU (D. Or 2015) (ECF 86). Defendant Wasson filed an appeal, which is now pending in Ninth Circuit Court of Appeals Case No. 18-35489.

The issues in the two civil cases are not relevant to the criminal case before the court. Evidence is only relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

**Government's Motions in Limine**            **Page 4 of 6**

Fed. R. Evid. 401(a)–(b). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury . . . ." Fed. R. Evid. 403. Trial judges have "wide latitude to exclude evidence that . . . poses an undue risk of . . . confusion of the issues." *Crane v. Kentucky*, 476 U.S. 683, 689–90 (1986) (citations and quotations omitted). Evidence unduly confuses the issues if it brings in collateral matters. *City of Long Beach v. Standard Oil Co. of Cal.*, 46 F.3d 929, 938 (9th Cir. 1995).

Here, while the two civil cases might be relevant to the defendant's state of mind, the probative value of the cases is outweighed by the danger of confusing the issues in this case. The government acknowledges that defendant Wasson gave a deposition under oath which the government would not use on cross examination, if this motion is granted.

### IV.  Government's Motion in Limine to preclude personal opinions of counsel.

The government moves in limine for an order precluding defense counsel from offering personal beliefs or opinions regarding defendant's guilt while the jury is present. Defendant's counsel's personal beliefs and opinions are irrelevant and improper for the jury to consider. Like prosecutors, defense counsel must refrain from interjecting personal beliefs into the presentation of their case. *United States v. Young*, 470 U.S. 1, 8-9 (1985) ("Defense counsel, like the prosecutor, must refrain from interjecting personal beliefs into the presentation of his case.").

### V.  Government's Motion in Limine to preclude specific-instance character evidence.

This Court should act to preclude defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any specific acts of defendant's prior good conduct. Testimony regarding defendant's lack of bad acts violates Fed. R. Evid. 405(a). *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987);).

Fed. R. Evid. 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion except when "evidence of a pertinent trait of character [is] offered by an accused or by the prosecution to rebut the same." Thus, a character witness may not offer specific instances of conduct which would tend to support the reputation of defendant. *See United States v. Giese*, 597 F.2d 1170, 1188-94 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible.").

In interpreting the permissible scope of character evidence under Fed. R. Evid. 404(a), the Ninth Circuit has ruled that presentation of witnesses to testify about a defendant's character for "law abidingness" and honesty is permissible. *See United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992). Nevertheless, the court has also held that asking a defense witness about the defendant's propensity to engage in a specific type of criminal activity is impermissible under Rule 404(a). *See id.* (finding it impermissible to ask character witnesses about a defendant's propensity to engage in large-scale drug dealing). Consequently, the United States moves in limine to prohibit defendant from introducing testimony from any character witness regarding any specific instances of Defendant's conduct.

DATED October 22, 2018.                    Respectfully submitted,

                                            BILLY J. WILLIAMS
                                            United States Attorney

                                            */s/ Jennifer J. Martin*
                                            JENNIFER J. MARTIN, OSB #842851
                                            JOHN C. BRASSELL, WASB #51639
                                            Assistant United States Attorneys

**Government's Motions in Limine**                                            **Page 6 of 6**