**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff,<br><br>vs.<br><br>**JOHN WASSON,**<br><br>    Defendant. | Case No.: 3:17-CR-00369-SI<br><br>**DEFENDANT'S MOTIONS IN LIMINE** |

  COMES NOW defendant and moves this court for an order 1) excluding any evidence of damage to property between the high water marks of the North Fork John Day River; 2) excluding any evidence of "impediments to fish passage" within the river, or any evidence that fish were impacted or potentially impacted in any way by defendant's actions; 3) as an alternative to motions one and two, requiring the government to prove that the property between the high water marks of the river is "property of the United States" and not property of the state of Oregon; 4) allowing defendant to introduce evidence concerning the nature of other unpermitted campsites in the immediate vicinity of his and the extent to which those other sites

impacted the surface resources of the Umatilla National Forest; 5) allowing the defendant to introduce evidence that his conduct was authorized by the mining laws and associated regulations.

**Motion in Limine #1: Excluding evidence of damage to property between the high water marks of the North Fork John Day River**

As explained in defendant's concurrently filed *Memorandum of Law Concerning Ownership of the North Fork John Day River*, the federal government, and specifically the National Forest Service, does not own any property between the high water marks of the North Fork John Day River. Therefore, the government should be prohibited from introducing any evidence that property was damaged in that zone as it is not relevant under Fed. R. Evid. 401, or because its limited relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time under Fed. R. Evid. 403.

**Motion in Limine #2: Excluding evidence of any damage to the fish or water within the North Fork John Day River**

As explained in defendant's concurrently filed *Memorandum of Law Concerning Ownership of the North Fork John Day River*, the federal government has absolutely no claim to either the water in the river or the fish in the river. Those two things are unequivocally property of the state of Oregon. Therefore, the government should be prevented from introducing any evidence, or making any suggestion to the jury that any of defendant's actions created any real or potential threat to the water quality or fish in the river under Fed. R. Evid. 401, or because its limited relevance is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time under Fed. R. Evid. 403.

**Motion in Limine #3: Requiring the government to prove federal ownership of the property it alleges was damaged, and prohibiting any witness from testifying that the property does belong to the federal government without the relevant expertise**

If the Court denies the first two motions, defendant moves in the alternative to require the government to meet its burden of proof by proving ownership of the land, water, and fish with the appropriate experts that can satisfy the legal test for ownership laid out in defendant's *Memorandum of Law Concerning Ownership of the North Fork John Day River*. Again, as explained in defendant's memorandum, actual ownership of this section of the North Fork John Day River is not established. However, in all likelihood, the section belongs to the state of Oregon. If the government contends otherwise and wants to prove ownership, the only permissible way to prove ownership should be in the manner explained. To require anything less under these circumstances would violate Mr. Wasson's right under the Sixth Amendment to require the government to prove each element of the charges against him beyond a reasonable doubt.

**Motion in Limine #4: Allowing defendant to introduce evidence concerning the nature of other unpermitted campsites in the immediate vicinity of his and the extent to which those other sites impacted the surface resources of the Umatilla National Forest**

As explained in *Defendant's Trial Memorandum*, Mr. Wasson contends that his actions were authorized by the mining laws and regulations. As part of that analysis, Mr. Wasson contends that he was not required to submit either a notice of intent or a plan of operations because his operation fits within three of the exceptions contained in 36 C.F.R. § 228.4(a)(1). One of those, subcategory (v), exempts operations "which in their totality, will not cause surface resource disturbance which is substantially different than that caused by other users of the National Forest System who are not required to obtain a Forest Service special use authorization, contract, or other written authorization." If the government disputes that Mr. Wasson was not

required to submit a notice of intent, Mr. Wasson should be entitled to defend himself by introducing evidence that other users caused resource disturbance in this very same area which is not substantially different than that which he caused. In particular, through testimony and photographs of other unpermitted, yet legal, campsites and river access points.

**Motion in Limine #5: Allowing the defendant to introduce evidence that his conduct was authorized by the mining laws and associated regulations.**

Again as explained in *Defendant's Trial Memorandum*, Mr. Wasson contends that his conduct was lawful under the mining laws and associated regulations of the USFS. If he is correct, then his conduct is lawful and he cannot be criminally convicted.

Mr. Wasson's belief and knowledge of the mining laws and regulations is also directly relevant to his good faith defense as explained in the same memorandum.

**DATED** this 22nd day of October, 2018

By:   /s Jesse Merrithew
**Jesse Merrithew**, OSB No. 074564
Attorney for Defendant